UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROBERT LOGAN MICHAEL,

    Plaintiff,

v.                                              Civil Action No. 2:17-cv-04314

CO II DAVE GORDON; LT. NATE
KENDRICK; DAVID BALLARD; DR.
LYE; and DR. GARCIA,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss, filed on March 27, 2018 by Drs. Lye and Garcia, and a motion to dismiss or in the alternative for summary judgment, filed on March 27, 2018 by Nate Kendrick. Defendants David Ballard and Dave Gordan moved to join defendant Kendrick's motion on April 23, 2018. On April 25, 2018, plaintiff filed a motion to deny the motions to dismiss.

In his complaint, the plaintiff alleges that he suffered a neck and back injury from a hit-and-run car accident involving an inmate work crew van in which he was a passenger. (Compl. at 4). Plaintiff asserts claims against C.O. Dave Gordon, who was driving the van, Lt. Nate Kendrick, the shift commander who assisted at the accident scene, Drs. Lye and

Garcia, who handled plaintiff's medical treatment related to the accident, and Warden David Ballard.  Id.  The plaintiff asserts that his constitutional rights were violated by the prison employees' negligence regarding the accident and by the doctors' refusal of proper medical treatment.  Id. at 4-7.  Plaintiff seeks nominal, compensatory and punitive damages.  Id. at 5. Defendants move to dismiss the complaint on the basis that the plaintiff has not exhausted his administrative remedies.  (ECF #s 19, 21, 31).  Drs. Lye and Garcia also move to dismiss on the basis that the plaintiff has failed to state a claim upon which relief can be granted.  (ECF # 19).

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On June 15, 2018, the magistrate judge entered her PF&R recommending that the motions to dismiss and the motion to join the motion to dismiss be granted and that the complaint be dismissed without prejudice as to defendants Gordon, Kendrick and Ballard, and with prejudice as to defendants Drs. Lye and Garcia.  The plaintiff filed objections to the PF&R on July 2, 2018.  (ECF # 37).  Defendants Ballard, Gordon and Kendrick filed a response to the objections on July 11, 2018, (ECF #38),

and defendants Drs. Garcia and Lye filed a response on July 17, 2018. (ECF #40).

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The plaintiff's first objection is that the magistrate judge incorrectly decided the exhaustion issue. (ECF No. 37, at 1). Specifically, the plaintiff points to four grievances, Nos. 17-MDC-B-193, 17-MDC-B-194, 16-MDC-Q-522, and 16-MDC-B-91, which he believes were properly exhausted under both the federal and the West Virginia Prison Litigation Reform Acts, 42 U.S.C. § 1997e(a) and W.Va. Code § 25-1A-2a(i)). <u>Id.</u> The court agrees with the magistrate judge's conclusion on this matter. In finding that the plaintiff did not exhaust his administrative remedies for his claims, the magistrate judge properly presented the relevant law and prison grievance procedure. (ECF # 36 at 6-10). Upon the filing of a grievance, if the Unit Manager rejects it for not being properly submitted, denies it or fails to respond within five days, the inmate may appeal to the

Warden/Administrator, and then, within five days of the Warden/Administrator's response, or if the Warden/Administrator fails to respond, the inmate may appeal to the West Virginia Division of Corrections Commissioner. See ECF # 21-1, State of West Virginia Division of Corrections Policy Directive 335.00 at 6-7 (setting forth inmate grievance procedure). Notably, "[a] rejected grievance does not exhaust the grievance process or that step of the process." Id. at 9.

The magistrate judge correctly found that the grievances were not exhausted as to defendants Ballard, Kendrick and Gordon because only one grievance, No. 16-MDC-C-130, which refers to Gordon, relates to them and it was rejected for being unsigned by the plaintiff. (ECF # 36 at 11-13). It was not appealed to the Commissioner or refiled to comply with the grievance procedure.

The magistrate judge correctly found that the plaintiff had not exhausted his administrative remedies as to Drs. Garcia and Lye because the plaintiff did not proffer evidence showing that there were no available administrative remedies for grievance No. 16-MDC-B-91 that was filed over ten months after the accident, and the remaining grievances either did not pertain to the medical care at issue in the complaint or

were rejected for not following the grievance procedure. Id. at 13-17.

The plaintiff's remaining objections relay general disagreement with the magistrate judge's decision regarding the Eighth Amendment claim alleging failure to provide proper medical care. The magistrate judge correctly disposed of this claim as the plaintiff did not allege sufficient facts establishing an Eighth Amendment claim. See id. at 17-23. The complaint does not show that any delay in medical treatment exacerbated an injury, unnecessarily prolonged pain, or constituted deliberate indifference by the doctors. While the plaintiff may disagree with the course of treatment, there is no indication that the course of treatment chosen by the doctors constituted a constitutional violation.

The court thus finds that the magistrate judge's PF&R adequately addressed and correctly resolved all issues presented in the defendants' motions to dismiss.

The court, accordingly, ORDERS as follows:

1. That the plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendations be, and they hereby are, adopted and incorporated in full.

3. That the two pending motions to dismiss and the motion to join the Kendrick motion to dismiss be, and they hereby are, granted.

4. That plaintiff's pending motion to deny the motion to dismiss be, and it hereby is, denied.

5. That this civil action be dismissed without prejudice as to defendants Gordon, Kendrick and Ballard, and dismissed with prejudice as to Drs. Lye and Garcia.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

Enter: March 14, 2019

John T. Copenhaver, Jr.
Senior United States District Judge